# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

DANIEL ERIC COBBLE,                         :
                                            :
          Plaintiff,                  :
                                            :
      v.                               :       CIVIL ACTION NO.
                                            :       1:02-CV-02821-RWS
COBB COUNTY POLICE DEPT.,                    :
et al.                                      :
                                            :
          Defendants.                 :

## ORDER

This case comes before the Court on Plaintiff's Request to Proceed in Forma Pauperis [7], Motion to Produce Documents [8], Motion for Court to Order U.S. Marshals to Serve All Many Different Defendants [9], Extraordinary Motion for New Civil Trial [10], and Motion to Reverse Dismissal [13].  After reviewing the record, the Court enters the following Order.

### Backrgound

Plaintiff initiated the instant litigation on October 15, 2002, by filing a Complaint with the United States District Court for the Northern District of Georgia.  (Compl., Dkt. [1] at 1 of 5.)  Plaintiff appears to have petitioned for a writ of habeus corpus.  (See generally id.)  Plaintiff's Complaint was dismissed

for frivolity.  Plaintiff now moves for a new trial, a reversal of the dismissal, an order compelling the U.S. Marshals Service to serve Defendants, and an order compelling Defendants to produce documents.  The Court now reviews these motions.

## Discussion

### I.    Legal Standard

When reviewing a notice of appeal, a determination of the timeliness of the notice is crucial.  "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."  Bowles v. Russell, 551 U.S. 205, 214 (2007).  "Therefore, . . . we may not entertain an appeal that is out of time[.]"  Green v. Drug Enforcement Admin., 606 F.3d 1296, 1301 (11th Cir. 2010).  The jurisdictional requirement for filing a notice of appeal is, at the most, sixty (60) days from the date the judgment was entered.  Judgment against Plaintiff was entered on November 7, 2002, and Plaintiff filed his request to appeal in forma pauperis on June 24, 2013.  Plaintiff has missed the window in which he can appeal the prior judgment against him by a vast margin.  However, plaintiffs requesting to proceed in forma pauperis are held to a less stringent standard

2

than those represented by attorneys, resulting in a less stringent pleading standard.[1]  Accordingly, the Court will review Plaintiff's motions on the merits.

A.      Request to Appeal In Forma Pauperis [7]

As stated above, Plaintiff has missed the window in which he could have filed a notice of appeal for this case.  Nonetheless, the Court now reviews Plaintiff's request to appeal in forma pauperis on the merits.

"Unless there is indisputably absent any factual or legal basis for the wrong asserted in the complaint, the trial court, in a close case, should permit the claim to proceed at least to the point where responsive pleadings are required."  Neitzke v. Williams, 490 U.S. 319, 323 (1989) (internal quotations and citations omitted).  After reviewing both Plaintiff's original Complaint and the facts alleged in his recent motions, the Court finds that, even under the more lenient in forma pauperis standard, Plaintiff has failed to assert any claim upon which relief can be granted.  Accordingly, based on both the procedural and

_____

[1] "The frivolousness standard, authorizing sua sponte dismissal of an in forma pauperis complaint "only if the petitioner cannot make any rational argument in law or fact which would entitle him or her to relief," is a "more lenient" standard than that of Rule 12(b)(6)[.]" Neitzke v. Williams, 490 U.S. 319, 322-23 (1989) (quoting Williams v. Faulkner, 837 F.2d 304, 307 (7th Cir. 1988)).

substantive defects of Plaintiff's claims, Plaintiff's Request to Appeal In Forma Pauperis is due to be **DENIED**.

    B.    <u>Motion to Produce Documents [8]</u>

As stated above, this case has already been closed and is only before the Court on an untimely request to appeal.  As the discovery period has long since closed, Plaintiff's Motion to Produce Documents is untimely.  Accordingly, Plaintiff's Motion to Produce Documents is due to be **DENIED**.

    C.    <u>Motion for Court to Order U.S. Marshals to Serve Defendants [9]</u>

Plaintiff asks that the Court order service of documents.  However, at this time there are no documents to be served on Defendants.  Thus, Plaintiff's Motion for Court to Order U.S. Marshals to Serve Defendants is due to be **DENIED AS MOOT**.

    D.    <u>Extraordinary Motion for New Civil Trial [10]</u>

Plaintiff has moved the Court for a new trial.  Pursuant to Federal Rule of Civil Procedure ("Rule") 59, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  "To help preserve the finality of judgments, a court may not extend the time to file a Rule 59(e) motion."  <u>Green</u>, 606 F.3d at 1300 (citing Fed. R. Civ.

4

P. 6(b)(2)).  Plaintiff filed the motion over ten years after judgment was entered

against him, which vastly exceeds the twenty-eight day limit set forth by the

statute.  If the Court construes Plaintiff's motion as one under Rule 59,

Plaintiff's Extraordinary Motion for New Civil Trial is untimely, and therefore

due to be **DENIED**.

If the Court construes Plaintiff's motion as a motion for relief from

judgment, his request would be governed by Rule 60(b), which states:

> On motion and just terms, the court may relieve a party or its legal
> representative from a final judgment, order, or proceeding for the
> following reasons: (1) mistake, inadvertence, surprise, or excusable
> neglect; (2) newly discovered evidence that, with reasonable
> diligence, could not have been discovered in time to move for a new
> trial under Rule 59(b); [or] (3) fraud (whether previously called
> intrinsic or extrinsic), misrepresentation, or misconduct by an
> opposing party[.]

Fed. R. Civ. P. 60(b).  Construing Plaintiff's motion as one for relief from

judgment under Rule 60, the Court notes that Plaintiff stated he recently

discovered the fact that his "former lawyer filed a motion for general plea of

innocence by insanity in 2002[,]" and that he had not discovered this fact until

2012 because he thought he was in the courtroom for all proceedings so he "had

5

no reason to read trial transcripts until [he] got real board [sic] in 2012[.]" (Pl.'s

Extraordinary Mot. for New Civil Trial, Dkt. [10] ¶ 3.)

The Court will construe this to mean Plaintiff is arguing he has newly

discovered evidence and that the Court should grant him relief from judgment

under Rule 60(b)(2).  First, Plaintiff's lawyer's entering of a "general plea of

innocence by insanity" (id.) is not a relevant fact to this motion or to Plaintiff's

original Complaint.  As such, it would be inappropriate for the Court to grant

Plaintiff relief from judgment based on this fact.  Additionally, based on the

facts set forth in the motion, the Court finds that Plaintiff's failure to discover

this fact does not fall within the exception created by Rule 60(b)(2) for evidence

that could not have been found by exercising reasonable diligence within the

twenty-eight (28) day time limit set forth in Rule 59.  Plaintiff had over a

decade to read his trial transcript or speak to his lawyer about this matter.  As

such, Plaintiff's motion fails on its merits.

The Court also notes that even if Plaintiff's discovery of new, relevant

evidence falls under the Rule 60(b)(2) framework, Rule 60(c)(1) states that "[a]

motion under Rule 60(b) must be made within a reasonable time--and for

reasons (1), (2), and (3) no more than a year after the entry of the judgment or

6

order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Plaintiff has greatly exceeded the one-year time limit for filing a Rule 60(b) motion, waiting over a decade since judgment was entered against him to do so. Therefore, Plaintiff's motion is untimely, and as such is due to be **DENIED**.

      E.    <u>Motion to Reverse Dismissal [13]</u>

The Court construes Plaintiff's motion to be a motion for reconsideration of the dismissal of his claim on the basis of frivolity. "The only grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact. A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." <u>Smith v. Ocwen Fin.</u>, 488 F. A'ppx 426, 428 (11th Cir. 2012) (citing <u>Arthur v. King</u>, 500 F.3d 1335, 1343 (11th Cir. 2007)). After reviewing the record, the Court finds that Plaintiff has not shown that there is any newly-discovered evidence relevant to this case and that Plaintiff has not raised the issue of there being any manifest errors of law or fact. Accordingly, Plaintiff's Motion to Reverse Dismissal is due to be **DENIED**.

7

## Conclusion

In accordance with the foregoing, Plaintiff's Request to Appeal In Forma Pauperis [7] is **DENIED**, Plaintiff's Motion to Produce Documents [8] is **DENIED**, Plaintiff's Motion for Court to Order U.S. Marshals to Serve All Many Different Defendants [9] is **DENIED AS MOOT**, Plaintiff's Extraordinary Motion for New Civil Trial [10] is **DENIED**, and Plaintiff's Motion to Reverse Dismissal [13] is **DENIED**.

**SO ORDERED**, this __1st__ day of August, 2013.


RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)