IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANIEL ERIC COBBLE, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. |
| | : 1:02-CV-2821-RWS |
| COBB COUNTY POLICE DEPARTMENT, et al., | : |
| Defendants. | : |

## **ORDER**

This case comes before the Court on Plaintiff's construed Motion for Reconsideration [5] and Motion to Impeach Federal Judge Richard W. Story for His Failure to Answer a Single Legal Argument [21]. After a review of the record, the Court enters the following Order.

### **Background**

On October 15, 2002, Plaintiff Daniel Cobble filed a pro se civil rights action while confined at the Cobb County Adult Detention Center. Plaintiff's Complaint [1] against the Cobb County Police Department, several Cobb County police officers, and two Cobb County magistrate judges alleged that Defendants failed to grant or notify him of the date of a first appearance hearing

AO 72A
(Rev.8/82)

within 72 hours of his arrest pursuant to a warrant. See O.C.G.A. § 17-4-26 (requiring officer arresting under a warrant to bring arrestee before a judicial officer and notify arrestee of the date of a commitment hearing within 72 hours after arrest). He alleged that Defendants ultimately granted him a hearing five days after his arrest. He further alleged that he had been awaiting trial in jail for over 14 months without bond. Finally, Plaintiff alleged that a magistrate judge charged him with three additional felony counts and a misdemeanor battery charge but never granted him a first appearance hearing, though he was later indicted on all charges. Plaintiff sought dismissal of his charges plus monetary relief.

Plaintiff's case came before the Court pursuant to 28 U.S.C. § 1915A, which requires screening of prisoner complaints for frivolity. On November 6, 2002, Judge Charles A. Moye Jr. dismissed Plaintiff's claim pursuant to Younger v. Harris, 401 U.S. 37 (1971), in which the United States Supreme Court held that federal courts should abstain from intervening in ongoing state criminal prosecutions "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." Id. at 43-44. Furthermore, federal court intervention is justified only in extraordinary

2

circumstances involving bad faith or harassment or a flagrant violation of an express constitutional prohibition.  Id. at 49-50, 53-54.

The Court held that Plaintiff had an adequate remedy at law for his federal constitutional claim and that extraordinary circumstances justifying intervention were not present.  (Dkt. [3] at 3.)  The Court also noted that Plaintiff could only seek money damages based on his unconstitutional confinement claim once he proved the invalidity of the criminal charges against him.  (Id. at 4 (citing Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).)  And if he wanted to seek immediate dismissal of all charges and his immediate release, Plaintiff had to file a federal habeas corpus petition after exhausting his state remedies.  (Id. at 4 n.1.)  The action was dismissed for failure to state a claim upon which relief can be granted, and the case was closed on November 7, 2002.

Plaintiff sent a letter [5] to Judge Moye, filed on November 14, 2002, arguing that he was not permitted to cite legal authority in his original civil rights complaint worksheet but could state a valid claim if he cited O.C.G.A. § 17-4-26, which states that "[a]n arrested person who is not notified before the hearing of the time and place of the commitment hearing shall be released."

3

On June 24, 2013, Plaintiff filed a Notice of Appeal [6] and an Application to Appeal In Forma Pauperis [7], among other motions. The case was reassigned to the undersigned on June 26, and on August 1 the Court denied Plaintiff's pending motions as untimely. (Dkt. [17].) Plaintiff filed a Motion to Impeach Federal Judge Richard W. Story for His Failure to Answer a Single Legal Argument [21]. The Court construes this motion as a Motion to Recuse. The Eleventh Circuit Court of Appeals has also inquired into the status of Plaintiff's November 14, 2002 letter, which it construes as a Motion for Reconsideration [5]. The Court first determines the recusal issue before turning to the underlying Motion for Reconsideration [5].

## Discussion

### I. Motion to Recuse [21]

Plaintiff's construed Motion to Recuse [21] enumerates the reasons he believes the Court erred in its August 1, 2013 Order [17]. Recusal under 28 U.S.C. § 455(a) is appropriate only where "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003) (citation omitted).

4

" '[P]rior rulings in the proceeding . . . solely because they were adverse' are not ordinarily sufficient to require a § 455(a) recusal.' " <u>United States v. Turner</u>, No. 2:08-CR-00018-RWS, 2009 WL 529582, at *1 (N.D. Ga. Feb. 27, 2009) (citation omitted).  Because Plaintiff only explains his disagreement with the Court's Order [17] without offering any evidence of personal bias, his construed Motion to Recuse [21] is **DENIED**.

## II.     Motion for Reconsideration [5]

### A.     <u>Motion for Reconsideration Legal Standard</u>

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice," but rather, only when "absolutely necessary."  LR 7.2(E), NDGa.  Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact."  <u>Bryan v. Murphy</u>, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003).  However, a motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind."  <u>Id.</u> at 1259.  Nor may it be used "to offer new legal theories or evidence that could have been presented in conjunction with

5

the previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation." Adler v. Wallace Computer Servs., Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001).  Finally, "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996).

B.   Analysis

Plaintiff has failed to show the existence of new evidence or law that would entitle him to relief.  The Court's decision to abstain from deciding the case was proper at the time.  Furthermore, Plaintiff's claim is due to be dismissed on the merits for the reasons that follow.

### 1. Violation of O.C.G.A. § 17-4-26

Plaintiff seeks dismissal of all charges against him based on the allegation that he was not granted a first appearance hearing or notified of a hearing date within 72 hours.[1]  (Compl., Dkt. [1] at 4.)  He also claims that his

---

[1] In order to address all the issues Plaintiff raised, the Court first considers his arguments about the operation of O.C.G.A. § 17-4-26 before turning to his constitutional claims.  To the extent that Plaintiff wishes to challenge his detention

6

rights were violated after a magistrate judge added three felony charges against him at a probable cause hearing in August 2001 without granting him another first appearance. (Id.) He cites O.C.G.A. § 17-4-26, which reads in full:

> Every law enforcement officer arresting under a warrant shall exercise reasonable diligence in bringing the person arrested before the judicial officer authorized to examine, commit, or receive bail and in any event to present the person arrested before a committing judicial officer within 72 hours after arrest. The accused shall be notified as to when and where the commitment hearing is to be held. An arrested person who is not notified before the hearing of the time and place of the commitment hearing shall be released.

Courts have found that while the statute "requires that 'the person arrested [be brought] before a committing judicial officer within 72 hours after arrest,' " a commitment hearing need not be held within that time. Tidwell v. Paxton, 651 S.E.2d 714, 715 (Ga. 2007) (quoting O.C.G.A. § 17-4-26).

Plaintiff argues that he should have been released because he did not received a first appearance hearing within 72 hours. (Dkt. [5].) O.C.G.A. § 17-

---

and seek release, however, he must file a habeas corpus petition. (See Dkt. [3] at 4 n.1.) The Court notes that Plaintiff previously filed separate habeas corpus petitions in state and federal court, which were dismissed. See Cobble v. Cobb Cnty. Police Dep't, No. 1:13-CV-01338-SCJ (N.D. Ga. June 11, 2013); Cobble v. Donald, No: 1:06-CV-02487-CAM (N.D. Ga. May 14, 2009). The Court rejected similar arguments presented here in his first federal habeas petition. See Cobble, No. 1:06-CV-02487-CAM, Dkt. [33] at 40-42 (Aug. 5, 2008).

7

4-26 does state that "[a]n arrested person who is not notified before the hearing of the time and place of the commitment hearing shall be released." But "courts have ruled that [violation of O.C.G.A. § 17-4-26] in no way vitiates the indictment, trial, verdict, and judgment of conviction and sentence." Robinson v. State, 356 S.E.2d 55, 60 (Ga. Ct. App. 1987) (citing Heard v. State, 189 S.E.2d 895, 897 (Ga. Ct. App. 1972)).  Thus, assuming Plaintiff was granted neither an initial appearance before a judicial officer within 72 hours nor a commitment hearing, Plaintiff cannot now challenge the charges against him based on a violation of O.C.G.A. § 17-4-26 because he was later granted a hearing and was indicted on all charges.[2]  Plaintiff's claims related to the alleged delay in receiving a hearing are therefore moot.  See McClure v. Hopper, 214 S.E.2d 503, 505-06 (Ga. Ct. App. 1975) (failing to bring someone arrested under a warrant before a committing officer within 72 hours "would be ground for pre-indictment habeas corpus," but it is "not ground for post-conviction habeas corpus due to mootness"); see also Capestany v. State, 656 S.E.2d 196, 200 (Ga. Ct. App. 2007) (holding that after a warrantless arrest,

---

[2]Less than a year after Plaintiff filed this action, he was also convicted and sentenced.  See Cobble, No. 1:06-CV-02487-CAM, Dkt. [33] at 1-10 (detailing Plaintiff's criminal procedural background).

8

"statutory remedy for [failing to hold a commitment hearing within 48 hours] was only available during the period of illegal detention, which ended when the State obtained valid arrest warrants").

Similarly, Plaintiff's contention that the magistrate judge added felony charges at a probable cause hearing in violation of his due process rights is no basis for release.  His allegations demonstrate that there was probable cause to hold him on those charges.  First, the judge added the charges during the hearing after taking testimony from police officers.  (Compl., Dkt. [1] at 4.) Moreover, he admits that he was later indicted on those charges.  (Id.)  On these facts, Plaintiff cannot sustain a challenge to the charges against him.

### 2.     Due Process Claim

Plaintiff also claims that Defendants violated his due process rights.  A plaintiff has a cause of action against any person who, under color of law, deprives that plaintiff of any rights, privileges, or immunities secured by the Constitution and laws of the United States.  42 U.S.C. § 1983.  "In order to prevail in a civil rights action under section 1983, 'a plaintiff must make a prima facie showing of two elements:  (1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of

9

the United States, and (2) that the act or omission was done by a person acting under color of law.' " Marshall County Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (quoting Bannum, Inc. v. City of Ft. Lauderdale, 901 F.2d 989, 996-97 (11th Cir. 1990)).

The Due Process Clause of the Fourteenth Amendment states "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. The Eleventh Circuit has noted that:

> The Supreme Court's interpretation of this clause explicates that the amendment provides two different kinds of constitutional protection: procedural due process and substantive due process. Cf. Zinermon v. Burch, 494 U.S. 113, 125, 110 S. Ct. 975, 983, 108 L. Ed. 2d 100 (1990). A violation of either of these kinds of protection may form the basis for a suit under [42 U.S.C. §] 1983. Id.

McKinney v. Pate, 20 F.3d 1550, 1555 (11th Cir. 1994). Substantive due process rights arise from the Due Process Clause itself, whereas states may create rights that "constitutionally may be rescinded so long as the elements of procedural—not substantive—due process are observed." Id. at 1556.

First, the Court finds that an untimely commitment hearing does not violate substantive due process. In State v. Godfrey, the Georgia Court of Appeals held that "failure to hold such a hearing does not constitute a

10

deprivation of a defendant's constitutional rights.  A criminal defendant has no constitutional right to a commitment hearing.  Rather, the right to such a hearing is statutory." 418 S.E.2d 383, 384 (Ga. Ct. App. 1992) (citing Hunt v. Hopper, 205 S.E.2d 303, 305 (Ga. 1974)).  While probable cause is required to detain an individual awaiting further proceedings, the Fourth Amendment does not require a full adversarial hearing, and the methods of a pretrial determination of probable cause may "vary widely" among the states.  Gerstein v. Pugh, 420 U.S. 103, 119-25 (1975).  Plaintiff was afforded substantive due process when he was granted a hearing within five days of arrest and then indicted on all his charges, including the new felonies.  While Plaintiff has not stated a substantive due process claim, the Court must also consider whether he suffered a procedural due process violation of a state-created right.

 The requirements of procedural due process apply to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property.  Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972).  The range of interests protected by procedural due process, however, is not infinite.  Id. at 570.  In order to determine whether due process requirements apply in the first place, the court must look to the nature of the interest at stake; i.e., whether the

11

interest is within the Fourteenth Amendment's protection of liberty and property. Id. at 570-71. " 'Liberty' and 'property' are broad and majestic terms." Id. at 571. Property interests protected by procedural due process extend well beyond actual ownership of real estate, chattels, or money. Id. at 571-72. Likewise, protection for deprivations of liberty extend beyond the formal constraints imposed by the criminal process. Id. at 572.

Assuming, without deciding, that Georgia's enactment of O.C.G.A. § 17-4-26 created a liberty interest protected by the Due Process Clause, the Court finds no violation of that right. To sustain a procedural due process claim under § 1983, a claimant must also allege that the state fails to provide an adequate remedy. Cotton v. Jackson, 216 F.3d 1328, 1330 (11th Cir. 2000). "Only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under § 1983 arise." McKinney, 20 F.3d at 1557. Plaintiff has not made such an allegation. Any due process deprivation has been cured: Plaintiff received a hearing within five days, the magistrate judge added subsequent charges after a probable cause hearing, he was indicted on all charges, and his case proceeded through conviction and sentencing. The remedy of habeas corpus was also available to

12

Plaintiff up until the commitment hearing and indictment.  See Godfrey, 418 S.E.2d at 384 (citations omitted) ("If a defendant wishes to assert the right to a commitment hearing, he must do so promptly and before indictment by filing a habeas corpus petition, because once indictment takes place probable cause has been established and a preliminary hearing serves no purpose.")  Failing to file a habeas petition in the interim does not permit Plaintiff to "rely on that failure to claim that the state deprived him of procedural due process." Cotton, 216 F.3d at 1331.  Because Plaintiff failed to state a claim and has not established any other grounds for relief, his construed Motion for Reconsideration [5] is hereby **DENIED**.

## Conclusion

In accordance with the foregoing, Plaintiff's construed Motion for Reconsideration [5] and construed Motion to Recuse [21] are **DENIED**.

**SO ORDERED**, this   3rd   day of December, 2013.


_____
**RICHARD W. STORY**
United States District Judge

13

AO 72A
(Rev.8/82)