IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANIEL ERIC COBBLE, | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | :   CIVIL ACTION NO. |
| | :   1:02-CV-02821-RWS |
| COBB COUNTY POLICE | : |
| DEPARTMENT, *et al.*, | : |
| | : |
|     Defendants. | : |

**ORDER**

This case comes before the Court on Plaintiff's Application to Appeal In Forma Pauperis [34]. After reviewing the record, the Court enters the following Order.

**Background**[1]

On October 15, 2002, Plaintiff Daniel Cobble filed a pro se civil rights action while confined at the Cobb County Adult Detention Center. Plaintiff's Complaint [1] against the Cobb County Police Department, several Cobb County police officers, and two Cobb County magistrate judges alleged that

---

[1]For a complete procedural history of this case, see the Court's December 3, 2013 Order [26].

AO 72A
(Rev.8/82)

Defendants failed to grant or notify him of the date of a first appearance hearing within 72 hours of his arrest pursuant to a warrant. See O.C.G.A. § 17-4-26 (requiring officer arresting under a warrant to bring arrestee before a judicial officer and notify arrestee of the date of a commitment hearing within 72 hours after arrest). He alleged that Defendants ultimately granted him a hearing five days after his arrest. He further alleged that he had been awaiting trial in jail for over 14 months without bond. Finally, Plaintiff alleged that a magistrate judge charged him with three additional felony counts and a misdemeanor battery charge but never granted him a first appearance hearing, though he was later indicted on all charges. Plaintiff sought dismissal of his charges plus monetary relief.

Plaintiff's case came before the Court pursuant to 28 U.S.C. § 1915A, which requires screening of prisoner complaints for frivolity. On November 6, 2002, Judge Charles A. Moye Jr. granted Plaintiff leave to proceed *in forma pauperis* but dismissed his claims as frivolous.

On June 24, 2013, Plaintiff filed a Notice of Appeal [6] and an Application to Appeal In Forma Pauperis [7], among other motions. The case was reassigned to the undersigned on June 26, and on August 1 the Court

2

denied Plaintiff's pending motions as untimely. (Dkt. [17].) Plaintiff filed a construed Motion to Recuse [21], which the Court denied along with a construed Motion for Reconsideration [5] on December 3, 2013. Then on April 18, 2014, the Court denied two more construed Motions for Reconsideration [27, 28].

In his Application to Appeal In Forma Pauperis [34], Plaintiff includes an affidavit demonstrating his inability to pay but fails to identify the issues he wishes to appeal. Nevertheless, the Court assumes that Plaintiff appeals the issues addressed in the Court's December 3, 2013 Order [26], which discussed recusal and the merits of Plaintiff's claims.

## Discussion

**I.   Good Faith Requirement**

An appeal may not be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(3). A party demonstrates good faith by seeking appellate review of any issue that is not frivolous judged under an objective standard. See Coppedge v. United States, 369 U.S. 438, 445 (1962); Busch v. County of Volusia, 189 F.R.D. 687, 691

3

(M.D. Fla. 1999); United States v. Wilson, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989), aff'd, 896 F.2d 558 (11th Cir. 1990). An issue is frivolous when it appears that the legal theories are "indisputably meritless." See Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993); see also Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (an *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact"); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (same). "Arguable means capable of being convincingly argued." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam). Where a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed. See Cofield v. Alabama Pub. Serv. Comm'n., 936 F.2d 512, 515 (11th Cir. 1991).

**II. Analysis**

    A.    Recusal

Recusal under 28 U.S.C. § 455(a) is appropriate only where "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." United States v. Patti, 337 F.3d 1317, 1321 (11th Cir.

4

2003) (citation omitted). " '[P]rior rulings in the proceeding . . . solely because they were adverse' are not ordinarily sufficient to require a § 455(a) recusal.' " United States v. Turner, No. 2:08-CR-00018-RWS, 2009 WL 529582, at *1 (N.D. Ga. Feb. 27, 2009) (citation omitted). The Court denied Plaintiff's motion because Plaintiff only expressed his disagreement with the Court's Order [17] without offering any evidence of personal bias. Because disagreement with prior rulings alone is not a basis for recusal, an appeal of this issue is frivolous.

B. Plaintiff's Claims

Plaintiff advanced two primary arguments in his Complaint: (1) Defendants violated O.C.G.A. § 17-4-26 by failing to grant him a first appearance hearing or notify him of a hearing date within 72 hours, (Compl., Dkt. [1] at 4) and (2) Defendants violated his due process rights.

1. *Violation of O.C.G.A. § 17-4-26*

Plaintiff argued that he should have been released because he did not received a first appearance hearing within 72 hours. (Dkt. [5].) O.C.G.A. § 17-4-26 does state that "[a]n arrested person who is not notified before the hearing of the time and place of the commitment hearing shall be released." But

5

"courts have ruled that [violation of O.C.G.A. § 17-4-26] in no way vitiates the indictment, trial, verdict, and judgment of conviction and sentence." Robinson v. State, 356 S.E.2d 55, 60 (Ga. Ct. App. 1987) (citing Heard v. State, 189 S.E.2d 895, 897 (Ga. Ct. App. 1972)).  In its earlier Order [26], the Court assumed that Plaintiff was granted neither an initial appearance before a judicial officer within 72 hours nor a commitment hearing.  Because he was later granted a hearing and was indicted on all charges,[2] however, the Court found that Plaintiff's claims related to the alleged delay in receiving a hearing were moot.  See McClure v. Hopper, 214 S.E.2d 503, 505-06 (Ga. Ct. App. 1975) (failing to bring someone arrested under a warrant before a committing officer within 72 hours "would be ground for pre-indictment habeas corpus," but it is "not ground for post-conviction habeas corpus due to mootness"); see also Capestany v. State, 656 S.E.2d 196, 200 (Ga. Ct. App. 2007) (holding that after a warrantless arrest, "statutory remedy for [failing to hold a commitment hearing within 48 hours] was only available during the period of illegal

---

[2]Less than a year after Plaintiff filed this action, he was also convicted and sentenced.  See Cobble v. Donald, No. 1:06-CV-02487-CAM, Dkt. [33] at 1-10 (detailing Plaintiff's criminal procedural background).

6

detention, which ended when the State obtained valid arrest warrants"). Accordingly, Plaintiff's claim under O.C.G.A. § 17-4-26 is legally meritless.

   2.   *Due Process*

As for Plaintiff's due process claim, the Court found that an untimely commitment hearing does not violate substantive due process. In <u>State v. Godfrey</u>, the Georgia Court of Appeals held that "failure to hold such a hearing does not constitute a deprivation of a defendant's constitutional rights. A criminal defendant has no constitutional right to a commitment hearing. Rather, the right to such a hearing is statutory." 418 S.E.2d 383, 384 (Ga. Ct. App. 1992) (citing <u>Hunt v. Hopper</u>, 205 S.E.2d 303, 305 (Ga. 1974)). While probable cause is required to detain an individual awaiting further proceedings, the Fourth Amendment does not require a full adversarial hearing, and the methods of a pretrial determination of probable cause may "vary widely" among the states. <u>Gerstein v. Pugh</u>, 420 U.S. 103, 119-25 (1975). The Court found that Plaintiff was afforded substantive due process when he was granted a hearing within five days of arrest and then indicted on all his charges, including the new felonies. The Court then turned to whether Plaintiff suffered a procedural due process violation of a state-created right.

7

For the purposes of its earlier Order [26], the Court assumed that Georgia's enactment of O.C.G.A. § 17-4-26 created a liberty interest protected by the Due Process Clause.  However, to sustain a procedural due process claim under 28 U.S.C. § 1983, a claimant must also allege that the state fails to provide an adequate remedy.  Cotton v. Jackson, 216 F.3d 1328, 1330 (11th Cir. 2000).  "Only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under § 1983 arise."  McKinney v. Pate, 20 F.3d 1550, 1557 (11th Cir. 1994).  Plaintiff failed to make such an allegation.  Moreover, any due process deprivation was cured: Plaintiff received a hearing within five days, the magistrate judge added subsequent charges after a probable cause hearing, he was indicted on all charges, and his case proceeded through conviction and sentencing.  In addition, the remedy of habeas corpus was available to Plaintiff up until the commitment hearing and indictment.  See Godfrey, 418 S.E.2d at 384 (citations omitted) ("If a defendant wishes to assert the right to a commitment hearing, he must do so promptly and before indictment by filing a habeas corpus petition, because once indictment takes place probable cause has been established and a preliminary hearing serves no purpose.")  Failing to file a habeas petition in the

8

interim does not permit Plaintiff to "rely on that failure to claim that the state deprived him of procedural due process." Cotton, 216 F.3d at 1331. As such, Plaintiff's due process claim lacks any arguable legal merit and is thus frivolous.

## Conclusion

For the foregoing reasons, Plaintiff's Application to Appeal In Forma Pauperis [34] is **DENIED**, and the Court hereby **CERTIFIES** that this appeal is not taken in good faith.

**SO ORDERED**, this   29th   day of May, 2014.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

9